No. _____

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE TENTH CIRCUIT

_____

IN RE ANTHONY CASTILLO SANCHEZ,

                              Movant.

_____

**APPLICATION FOR A STAY OF EXECUTION**

**Mr. Sanchez's execution date is September 21, 2023**

Eric Allen*
The Law Office of Eric J Allen, LTD
4200 Regent, Suite 200
Columbus, Oh 43219
Ph: 614 443-4840

* Counsel of Record

## APPLICATION FOR A STAY OF EXECUTION

To the Honorable Judges of the United States Court of Appeals for the Tenth Circuit:

1. The Movant, Anthony Castillo Sanchez, respectfully requests this Court stay his pending execution date of September 21, 2023.

2. Mr. Sanchez simultaneously filed an application to authorize with a Petition for Writ of Habeas Corpus attached in the appendix. Mr. Sanchez incorporates those pleadings into this Application.

3. Mr. Sanchez has only recently come in possession of some fifty boxes of files that he has struggled to get access to since his case began in the 1990's. Current counsel has flown from Columbus, Ohio to Oklahoma City to review the files to determine if they contain any facts or documentation that supports the claims made in the application for a successor petition filed contemporaneously with this filing. Two days is insufficient to conduct this inquiry. There are some twelve boxes that have been sealed since prior counsel took over from the Oklahoma Indigent Defense system. During the entire pendency of the habeas proceedings, no one has reviewed or investigated what is in these files. If these files produce any evidence which is exculpatory there must be a thorough investigation.

- 2 -

3. A stay of execution is warranted where (1) the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) the applicant will be irreparably injured absent a stay; (3) the issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *Nken v. Holder*, 556 U.S. 418, 434 (2009) (*quoting Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)); *accord In re Holladay*, 331 F.3d 1169, 1176 (11th Cir. 2003) (granting a stay of execution).

**I.     Mr. Sanchez shows a strong likelihood he will succeed on the merits.**

5. In a capital case, the likelihood of success factor is satisfied when a movant makes a "substantial showing of the denial of a federal right." *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983) (citation and quotation marks omitted). That showing is made if the "issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further." *Id.* at 893 n.4 (citation and quotation marks omitted).

6. Here, Respondents have violated Mr. Sanchez's federal constitutional rights by holding him on death row when that Constitution forbids doing so if a prisoner is actually innocent. A prisoner is actually

innocent if, had all the present information been known at trial, it would not have been reasonable to convict. *Sawyer v. Whitley*, 505 U.S. 333, 336 (1992); *see Herrera v. Collins*, 506 U.S. 390 (1993) (a persuasive innocence claim requires constitutional relief).

7. Here, the Movant's father, Glen Sanchez[1], committed the murder for which Mr. Sanchez is under a death warrant. The elder Sanchez committed suicide while the underlying federal proceedings were being conducted. This consciousness of guilt coupled with the numerous confessions made by Glenn must make this court wary of allowing this execution to move forward.

    **A.     New evidence showing Glen Sanchez matches eyewitness sketches establishes Mr. Sanchez's innocence alone and cumulatively.**

8. Eyewitnesses developed a composite sketch of the perpetrator shortly after the murder. The eyewitness got a very good look at Glenn as the elder Sanchez was driving recklessly and nearly struck the eyewitness car.

9. That sketch does not look youthful like Mr. Sanchez, who was merely 18-years old at the time of the murder. He was also extremely

---

[1] Glen Sanchez will be referred to as Glen Sanchez or Glen because he has the same last name as Movant. Movant will be referred to as Mr. Sanchez.

youthful looking. The sketch resembles the elder Sanchez who was haggard and rough looking.

10. Furthermore, the sketches look incredibly like Glen Sanchez. The inescapable conclusion is that Glen Sanchez was the murderer. Because these witnesses identified Glen Sanchez as the perpetrator, Mr. Sanchez could not have been the murderer, easily establishing *Sawyer* standard. And even if this Court does not determine it does so alone, the evidence establishes the standard when viewed cumulatively.

**B.    New evidence showing Glen Sanchez confessed to the murder establishes Mr. Sanchez's innocence alone and cumulatively.**

11. Glen Sanchez's long-time live-in girlfriend, Charlotte Beattie, lived in terror of Glen. He beat and tortured her.

12. Often, when Glen mistreated Ms. Beattie, he would threaten her to ensure her silence. Those threats consisted of telling her that he would kill and rape her like he did to the victim, Ms. Buskin.

13. These confessions are simply overwhelming evidence of actual innocence. Standing alone, no reasonable juror would convict Mr. Sanchez knowing that his father confessed to the murder. And even if this Court determines this evidence is insufficient alone, it certainly

satisfies the *Sawyer* standard when viewed cumulatively with the other evidence in this Application.

### C. Other evidence points toward another perpetrator murdering and raping Ms. Buskin.

14. Not only does Mr. Sanchez present overwhelming evidence that he is an innocent man, but the State also provided many holes in its case, showing that it got the wrong man.

15. First, law enforcement collected 49 unknown fingerprints from Ms. Buskin's vehicle. This vehicle was the one in which the perpetrator transported Ms. Buskin to the murder scene. Given their placement, the inescapable conclusion is that the prints belonged to the perpetrator. And Mr. Sanchez's fingerprints did not match any of the prints – absolutely none.

16. Second, law enforcement collected numerous hairs from incriminating places. Mr. Sanchez's hair did not match any of these hairs.

17. Finally, law enforcement did not compare Glen Sanchez's fingerprints or hair to these critical pieces of evidence. As Glenn was in trouble with law enforcement there should be a set of his fingerprints on file.

### II. The Applicant, Mr. Sanchez, will be irreparably injured if the stay is not granted.

18. The "irreparability of the injury that [Mr. Sanchez] will suffer in the absence of a stay [is] self-evident." *Holladay*, 331 F.3d at 1177 (granting a stay in a capital case).

19. The most obvious irreparable injury is that Mr. Sanchez will be executed absent a stay of execution. Relatedly, Mr. Sanchez will be irreparably harmed if he is executed when he is actually innocent.

**III.  A stay of execution will not substantially injure the Respondent.**

20. Respondent will not suffer harm if the stay is granted. In *Holladay*, a panel for the Court of Appeals for the Eleventh Circuit explained that "no substantial harm [] will flow to the State of Alabama or its citizens from postponing petitioner's execution[.]" *Ibid*. The reasoning of *Holladay* applies equally here: No substantial harm will flow to the State of Oklahoma or its citizens from postponing Mr. Sanchez's execution to determine whether Oklahoma is executing an innocent man.

**IV.  The public interest lies in granting a stay of execution.**

21. The public has no interest in executing a man who can make a showing of actual innocence. In these circumstances, the public has an interest in seeing the issue litigated. Given the irreparable harm of an execution – the ultimate finality - the public does not want to execute

a man when legitimate innocence issues remain to be litigated. The Oklahoma courts and political apparatus has stepped in to stop the executions of Richard Glossip and Julius Jones. Mr. Sanchez is in the same position. He is innocent of the murder committed by his deceased father.

## V.  Conclusion

22. The evidence presented in this Application shows it would not be reasonable to convict Mr. Sanchez given Glen Sanchez matches the composite sketches, an alternate suspect confessing to the murder multiple times.

23. Accordingly, Mr. Sanchez's continued detention violates the federal constitution, and Mr. Sanchez must be released.

Respectfully submitted,

__/s/ Eric Allen__
Eric Allen

## CERTIFICATE OF COMPLIANCE

This Application complies with the type-volume limitation contained in Fed. R. App. P. 27(d)(2)(A) because, excluding the portions exempted by Rule 32(f), this brief contains 1301 words.

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft. Word 2019 in 14-point Times New Roman.

<pre>                                    __/s/ Eric Allen__
                                    Eric Allen</pre>

- 10 -

## CERTIFICATE OF DIGITAL SUBMISSION

I hereby certify that with respect to this Application:

(1) all required privacy redactions have been made pursuant to 10th Cir. R. 25.5.

(2) if required to file additional hardcopies, that this submission is an exact copy of those documents; and

(3) this digital submission has been scanned for viruses with the most recent version of _____, Version \_\_\_, and according to the program, this Application is free of viruses.

                                      __*/s/ Eric Allen*__
                                      Eric Allen

## CERTIFICATE OF SERVICE

I certify that on July 20, 2022, I electronically filed the foregoing motion with the Clerk of Court for the U.S. Court of Appeals for the Tenth Circuit through the appellate CM/ECF system. I certify that, to my knowledge, all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

                                                   __*/s/ Eric Allen*__